Carey A. MOLINSKI, Plaintiff-Appellant,†

v.

CHASE AUTO FINANCE CORPORATION,
Defendant-Respondent.

Court of Appeals

*No. 2012AP2184. Submitted on briefs May 2, 2013.*
*—Decided July 17, 2013.*

2013 WI App 101

(Also reported in 837 N.W.2d 166.)

† Petition for Review denied 11-26-13.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Christine Wolk* of *Law Offices of Christine Wolk*, Oshkosh.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Serena Pollack* of *Gonzalez, Saggio & Harlan, LLP*, Milwaukee.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.   Carey A. Molinski appeals from an order dismissing her claims against Chase Auto Finance Corporation for violations of the Wisconsin Consumer Act (WCA). Molinski argues that Chase failed to give her proper notice that it would repossess her car and violated her rights by repossessing her car without a court hearing. We affirm. Molinski failed to meet her burden to prove that Chase violated its statutory duty to give notice of repossession. Given the facts presented, Molinski also failed to meet her burden to prove that Chase did not have the right to repossess her car without a court hearing.

¶ 2.   Molinski purchased a new car in February 2005 and financed the purchase by executing a written loan agreement. The car served as collateral for the loan. The loan required Molinski to provide written notice to Chase as to where she lived and where the car was garaged and to provide Chase with thirty days' written notice prior to any change in address.

¶ 3.   Molinski became delinquent in her loan payments. Molinski subsequently moved from the address that Chase had on file without providing written notice to Chase. Chase sent Molinski a notice pursuant to Wis. Stat. § 425.205(1g) (2011–12)[1] to the address that it

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

had on file for Molinski that stated that Chase could repossess her car if she did not pay the delinquency or request a court hearing. Molinski did not pay and did not request a court hearing, and Chase repossessed her car. Molinski sued for violations of the WCA. She argued that she did not receive the statutorily required notice pursuant to § 425.205(1g). Alternatively, she asserted that Chase was barred from self-help repossession under the WCA by the loan's provision for a "right to a court hearing" prior to repossession.

¶ 4.  The facts necessary to decide this appeal are not in dispute, leaving only issues of statutory and contract interpretation. We apply de novo review to these questions of law. *Steinmann v. Steinmann*, 2008 WI 43, ¶¶ 21–22, 309 Wis. 2d 29, 749 N.W.2d 145.

¶ 5.  The WCA allows a creditor to repossess a car used to secure a motor vehicle loan without first going to court provided that the creditor follows a certain procedure. WIS. STAT. § 425.205(1g). The procedure requires a creditor to give notice to the debtor that includes, among other basic information, that the creditor may repossess the car without going to court unless the debtor demands within fifteen days of the notice that the creditor proceed to court. Sec. 425.205(1g)(a). A debtor's address is established by any writing signed by the debtor in connection with the transaction and is presumed to be unchanged until the creditor knows or has reason to know of a different address. WIS. STAT. § 421.201(8).

¶ 6.  Molinski's arguments fail as she did not meet her burden to show that Chase did not provide her with the required notice or the right to a hearing prior to repossession. Given her failure to provide her new address, Molinski failed to show that Chase's notice by registered mail to the address that it had on file for

689

Molinski did not comply with the WCA. Additionally, Chase adhered to its requirements under the contract and statutory law at the time of the repossession in honoring Molinski's right to have a court hearing by providing her notice that she had the right to request a court hearing prior to repossession. Molinski never requested a court hearing.

*By the Court.*—Order affirmed.